IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-226-FL

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.　　　　　　　　　　　　　　　)<br>)<br>BARRY JEROME PHOENIX,　　　　)<br>)<br>　　　　　　Defendant.　　　　　)　 | ORDER |

This matter is before the court on defendant's motion to quash restitution collection and for return of improperly obtained assets, and in the alternative to modify restitution payment terms. (DE 48). Pursuant to Federal Rule of Criminal Procedure 59, United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R") wherein it is recommended that defendant's motion be denied (DE 62).[1] Defendant timely filed objections and the government responded. For the following reasons, the court adopts the M&R of the magistrate judge, and denies defendants' motion.

## BACKGROUND

Where defendant's objections raise only legal issues for resolution by the court, the court adopts and sets forth as follows the background of the case set forth in the M&R.

> In June 2015, Sean Noel inherited a house located at 1460 New York Avenue, Brooklyn, New York ("the property"). [DE-60, -60-2]. In August 2015, Sean Noel conveyed the property to himself and to Phoenix for ten dollars. [DE-

---

[1] The magistrate judge entered an order and M&R on defendant's motion. Defendant asserts, however, that the court should treat the magistrate judge's decision as an M&R subject to de novo review, rather than subject to a clearly erroneous standard of review. The court does not determine definitively for purposes of the instant motion whether the magistrate judge had authority to enter an order instead of an M&R on all parts of defendant's motion. Instead, the court construes the magistrate judge's decision as an M&R, and the court reviews the M&R on a de novo standard of review.

60, -60-3]. The same day, a mortgage was recorded in the amount of $250,000. [DE-60, -60-4]. In December 2016, the mortgagee initiated foreclosure proceedings for failure to make payments. [DE-60] at 6.

Phoenix was charged in a one-count criminal information with bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1344 and 2, filed in the Eastern District of North Carolina on July 19, 2017. [DE-5]. On February 20, 2018, Phoenix pleaded guilty, pursuant to a written plea agreement, to bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 1344 and 2. [DE-5, -22]. The plea agreement states that Phoenix agreed "to make restitution to any victim in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A. Said restitution shall be due and payable immediately." [DE-24] at 1.

Phoenix's Presentence Investigation Report ("PSR") adopted by the court without change indicates that the actual loss to the victims was $187,663.18 and that the provisions of the Mandatory Victim Restitution Act of 1996 ("MVRA") apply. [DE-33] at 4. The PSR further states that "according to property records from the New York City Department of Finance, Phoenix is a joint owner of property located at 1460 New York Avenue, Brooklyn, New York." Id. at 10. However, the PSR states that Phoenix's "interest in the property and his relationship with the coowner is unknown. His mother confirmed the defendant owned this property with a friend, but could not provide any further information." Id.

On May 24, 2018, Phoenix was sentenced to twenty-one months of imprisonment and five years of supervised release, and he was ordered to pay $187,683.18 in restitution. [DE-39] at 1-7. On the schedule of payment as part of the court's judgment, the court indicated that the "lump sum payment of $187,783.18 [is] due immediately." Id. at 9. The court also indicated "[t]he special assessment in the amount of $100.00 and restitution in the amount of $187,683.18 are due in full immediately. See Sheet 5A for additional payment instructions." Id. Sheet 5A of the judgment provides:

> Payment of restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program (IFRP). The court orders that the defendant pay a minimum payment of $25 per quarter through the IFRP, if available. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $200 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule.

Id. at 8.

On July 3, 2018, the Government recorded a lien on the property with the New York City Department of Finance. [DE-60-11]. On July 16, 2018, the Government filed an application for a writ of execution pursuant to 28 U.S.C. § 3203. [DE-43]. On July 17, 2018, the court issued a writ of execution commanding the United States Marshals to sell the property to satisfy Phoenix's restitution debt. [DE-44]. On July 24, 2018, the Government filed a certificate of service indicating that it mailed the application for a writ of execution, the writ of execution, and a document titled "Instructions to Defendant with Clerk's Notice of Right to Claim Exemptions and Hearing Request" to Phoenix at Edgefield Federal Correctional Institution and to Sean Noel at an address in Newport News, Virginia. [DE-45]. The United States Marshals Service posted notice of the levy on the property on July 30, 2018. [DE-46]. Neither Phoenix nor Sean Noel claimed exemptions or requested a hearing.

Phoenix was released from incarceration on August 16, 2019 and, in accordance with the court's judgment, placed on the $200 per month payment plan. [DE-48] at 14. He states in his motion that he earns $1,450 after taxes each month, and his expenses, including the $200 per month payment, are $1,000 per month. Id. Phoenix also filed a monthly cash flow statement with his motion in which he states that he earns $1,444.48 in net wages and receives $300 per month from family, and his monthly expenses total $1,003, including the $200 restitution payment. [DE-49] at 11. Accordingly, after the restitution payment and other expenses, Phoenix is left with approximately either $450 or $740 per month. He states in his motion that he and his partner made the decision to have a child based on the understanding that he would only be required to pay $200 per month in restitution, and he now has a five month old daughter. [DE-48] at 14.

In August 2020, the Government contacted Noel's attorney to inquire about the status of the foreclosure proceeding on the property. [DE-60] at 7. The Government learned that Noel and Phoenix were selling the property to a third party to avoid a foreclosure sale. Id. The purchase price was $760,000, the amount owed to the mortgagee was $435,762.05, and the Government was informed that Phoenix's share of the proceeds would be $97,233.29. Id. at 8. In order to maximize the amount of proceeds available to the victims, the Government agreed to release its lien for less than the full amount and allow the sale to be completed. Id. Due to a delay in closing, Phoenix's share of the proceeds was reduced to $93,606.55, which is the amount presently at issue. Id. at 9. Phoenix filed an emergency motion for an order requiring the clerk of court to hold the proceeds pending resolution of the instant motion, and the court allowed the motion. [DE-52, - 59].

On November 2, 2020, Phoenix filed the instant motion to quash collection effort and for return of improperly obtained assets, or alternatively to modify restitution payment terms, and requested a hearing. [DE-48]. In the motion, Phoenix requests that the court issue an order prohibiting the Government from forcibly collecting assets from Phoenix and requiring the Government to return any funds collected by the Government in excess of the $200 per month payment. Id. at 1. Specifically, Phoenix requests the return of any funds obtained by the Government

3

as a result of its lien on the property. Id. Phoenix alternatively moves for an adjustment of the payment terms given that his financial situation has materially changed now that he has a child. Id.

Defendant requests a hearing on the grounds that "the statutory scheme governing this issue is complex" and "this issue relates to a widespread practice in this district that the Defendant submits violates the statutory and constitutional law." Id. at 38. The Government filed a response opposing all relief sought in the motion, and the Government also states that it does not believe a hearing is necessary but has not objection to participating in a hearing. [DE-60] at 23. Because the issues presented are questions of law and the court is able to understand the parties' arguments presented in their briefs, a hearing is unnecessary. See Local Criminal Rule 47.l(f).

(Order and M&R (DE 62) at 1-5). Defendant timely filed objections to the M&R, and the government responded in opposition, relying upon portions of an unpublished order and motion to quash in the case United States v. Doerrer, No. 7:14-CR-13-FL (E.D.N.C. March 18, 2016).

## COURT'S DISCUSSION

A.     Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b); Fed. R. Crim. P. 59(b)(3). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

Defendant specifically objects to the magistrate judge's denial of that part of his motion seeking to quash and for return of improperly obtained assets. The magistrate judge thoroughly and cogently addressed that part of defendant's motion seeking to quash and for return of property. Upon careful review of the record and the M&R, and upon de novo review of defendant's objections,[2] the court adopts the M&R as its own. The court writes separately to augment the analysis of the M&R and to address issues raised by defendant's objections.

The court's judgment in this case states that "[p]ayment of restitution shall be due and payable in full immediately," in addition to ordering payment "in installments of $200 per month to begin 60 days after the defendant's release from prison." (Judgment (DE 39) at 8). The court's judgment reiterates that restitution in the amount of $187,783.18 is "due in full immediately," while referencing the foregoing additional payment instructions. (Id. at 9).

"The United States may enforce a judgment imposing [restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a), (f). "[A]n order of restitution . . . is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax." 18 U.S.C. § 3613(c). "The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated." Id.

Here, the court's judgment, including an order that restitution is due in full immediately, operates as a lien upon its inception, which the government may enforce. Accordingly, there is no basis for the court to quash the government's collection effort as a result of a lien on the property,

---

[2]   Defendant does not assert specific objections to the magistrate judge's recommendation to deny that part of defendant's motion, in the alternative, to modify terms of restitution. (See M&R (DE 62) at 21-24). Finding no clear error, the court adopts the M&R as to this part of defendant's motion.

nor to order the government to return proceeds collected as a result of such lien. Therefore, defendant's motion must be denied where it seeks to quash collection and return proceeds.

Defendant's arguments to the contrary are unavailing. Defendant argues, for example, that "just as a tax lien may not be imposed absent an unpaid tax debt, a restitution lien may be used to collect restitution only when the defendant has a present outstanding restitution debt." (Def's Obj. (DE 63) at 4). This argument misses the mark, however, because defendant does have an outstanding restitution debt, by virtue of the judgment ordering $187,783.18 in restitution "due and payable in full immediately." (Judgment (DE 39) at 8, 9). The fact that defendant is permitted to pay this debt in installments does not negate its existence as a debt.

Defendant also points to consequences authorized by statute that result when a defendant is found "in default on a payment of . . . restitution," including that the court may "revoke probation or a term of supervised release, modify the terms or conditions of probation . . . , resentence a defendant . . . , hold the defendant in contempt of court, enter a restraining order or injunction, [or] order the sale of property of the defendant." (Def's Obj. at 5 (quoting 18 U.S.C. § 3613A)). In relying on this provision, defendant conflates consequences that flow from being in default on a payment schedule with consequences that flow from imposition of the restitution debt in the first place. Section 3613A sets forth consequences of default, whereas § 3613 sets forth the consequence of the restitution debt. See 18 U.S.C. § 3613(a), (f).

Defendant argues that the "due and payable in full" language does not apply him for several reasons, which are without merit. For example, defendant argues that the "due and payable in full" language is inapplicable to defendant after his release from custody. (Def's Obj. at 8-9). This argument disregards the plain language of the terms of the judgment. Once the restitution is "due

and payable in full," (Judgment (DE 39) at 8), it remains due and payable in full, regardless of the other terms of the judgment or any changes in defendant's ability to pay.

Defendant also argues that the interpretive cannons whereby the "specific controls over the general," and ambiguities must be interpreted in favor of a defendant, apply so that "the payment terms set a specific payment schedule that supersedes the general payment in full immediately language." (Def's Obj. at 12). These cannons, however, do not apply to the exclusion of all other cannons of construction. Interpreting the court's judgment in the manner defendant suggests would render meaningless the provision that restitution is "due and payable in full immediately." (DE 39 at 8). Rather, the judgment must be interpreted to give meaning to all of its terms, such that the restitution obligation arises immediately upon entry of judgment and the payment schedule is a separate determination made on the basis of defendant's ability to pay. See DE 38 at 8; 18 U.S.C. § 3664(f)(2).

Defendant asserts that "imposing a criminal monetary penalty that exceeds [his] ability to pay" violates the Fifth and Eighth Amendments and 18 U.S.C. § 3553(a), and it constitutes an abuse of discretion. (Def's Obj. at 9). But, the imposition of the restitution debt upon entry of judgment is not dependent on defendant's ability to pay. To the contrary, "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A) (emphasis added). A defendant's ability to pay only becomes relevant in determining the payment schedule. Id. § 3664(f)(2). By the plain terms of the statute, the amount the government may collect by virtue of the lien that arises under 18 U.S.C. § 3613(c) is not dependent upon the payment schedule set by the judgment and § 3664(f)(2).

7

Defendant cites to United States v. Armstrong, No. 09-CR-135 (BAH), 2020 WL 136289, at *5 (D.D.C. Jan. 13, 2020) for the proposition that "the government may not enforce a restitution obligation beyond the terms of payment set forth in the restitution order." (Def's Obj. at 8). Armstrong, however, did not involve a judgment making restitution due and payable in full immediately. To the contrary, Armstrong recognized the rule that "[w]hen a restitution order specifies an installment plan, <u>unless there is language directing that the funds are also immediately due</u>, the government cannot attempt to enforce the judgment beyond its plain terms absent a modification of the restitution order or default on the payment plan." 2020 WL 136289 *5 (quoting United States v. Hughes, 914 F.3d 947, 949 (5th Cir. 2019)) (emphasis added). Accordingly, Armstrong is inapposite.

Other cases cited by defendant similarly are inapposite where they are not based on an examination of a judgment that requires restitution "due and payable in full" or operation of a restitution lien. For example, in United States v. Grant, 715 F.3d 552, 559 (4th Cir. 2013), the court held that a "district court's decision to require [a defendant] to pay [tax refund] money toward her restitution obligation without considering whether she could do so and still meet her family's financial needs amounted to an abuse of discretion." In that case, however, there is no mention of the judgment stating that restitution is "due and payable in full immediately," as here. (DE 39 at 8). In addition, in Grant, the government had not sought to collect proceeds of a lien to satisfy the defendant's restitution obligation, but rather the probation office petitioned the court to add "a new special condition to [the defendant's] probation" that required the defendant to "apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligations." Id. at 555-556.

In sum, under the circumstances of this case, defendant has presented no grounds for quashing the government's restitution collection effort or for return of property collected as a result of its lien on the property.

## CONCLUSION

Based on the foregoing, the court OVERRULES defendant's objections and ADOPTS the M&R (DE 61). The court DENIES defendant's motion to quash restitution collection and for return of improperly obtained assets, and in the alternative to modify restitution payment terms. (DE 48). Where the court now has completed decision on defendant's motion, the clerk is DIRECTED to release to the government funds received in the court's registry in the amount of $93,605.55, for payment towards defendant's restitution obligation, held in accordance with the court's November 3, 2020, order.

SO ORDERED, this the 12th day of October, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge